MARC E. JOHNSON, Judge.
|sThis is an appeal by Karen Pleasure, plaintiff-appellant, from a judgment sustaining exceptions of prematurity urged by Louisiana Organ Procurement Agency (LOPA) and West Jefferson Medical Center (WJMC), and also sustaining an exception of prescription urged by Southern Eye Bank. For the following reasons, we affirm the judgments.
These cases arise out the death of plaintiff’s husband at WJMC on February 8, 2008, after suffering a heart attack. One year later, plaintiff filed a pro se petition against WJMC alleging that she requested that all life support be terminated after her husband was declared brain dead, but that the hospital continued those treatments while it determined whether his organs were viable for donation. She asserts that these continued treatments caused her unnecessary mental and emotional pain and suffering. The next day she filed a second petition against LOPA, alleging the same facts as to WJMC. The two cases were consolidated in the district court.
|4In the action against it, WJMC urged a dilatory exception of prematurity based on its assertions that it is a medical provider for purposes of the Medical Malpractice Act (MMA) and that all of its treatment of plaintiffs husband constituted medical services under the Act. Because plaintiff had not convened a medical review panel prior to filing suit, it asserted that her suit had to be dismissed without prejudice. Plaintiff argued that because her husband was actually dead before the life support systems were turned off, this treatment could not have constituted a medical service. The trial judge sustained the exception on December 15, 2009, and plaintiff appealed that judgment to this court.
This court ruled that all of the treatments rendered by the hospital were indeed “medical services,” citing La. C.C. art. 2322.1 and La. R.S. 9:2797, both of which provide unambiguously that the process of transplanting organs, including screening and procurement, are for all purposes whatsoever considered “medical services.” This court thus affirmed the judgment sustaining the exception of prematurity and dismissing without prejudice the suit against WJMC. Pleasure v. Louisiana Organ Procurement Agency (LOPA) c/w Pleasure v. Jefferson Parish Hospital District No. 1 d/b/a West Jefferson Medical Center (WJMC), 10-294, 10-295 (La.App. 5 Cir. 2/15/11) 62 So.3d 163, writ denied, 2011-0550 (La.4/25/11), 62 So.3d 97.
It appears from the record that also on December 15, 2009, plaintiff, now represented by counsel and with leave of court, filed an amended petition which reiterated the allegations of the original petition, added allegations that WJMC and LOPA harvested her husband’s eyes without her permission, and added a third defendant, the Southern Eye Bank, to whom the eyes were eventually given. WJMC re-urged *177 its exception of prematurity and LOPA urged a similar motion for |fithe first time. Southern Eye Bank urged an exception of prescription. On July 12, 2010, the court sustained all three exceptions. This appeal followed.
We first address the judgment as it pertains to WJMC. Plaintiff appealed the December 15, 2009, judgment. Upon the granting of an order of appeal and furnishing of an appeal bond, the jurisdiction of the trial court is divested over all matters reviewable in the appellate court (with certain exceptions inapplicable here). La. C.C.P. art. 2088. When the judgment at issue here was rendered on July 12, 2010, the previous appeal was pending in this court and the district court was without jurisdiction to render that judgment as to WJMC. As a consequence, that judgment as to WJMC is an absolute nullity. Moreover, the ruling of this court affirming the district court judgment sustaining the exception of prematurity as to this party is now final, and plaintiffs action against WJMC now stands dismissed without prejudice.
The next question is whether the exception of prematurity urged by LOPA was properly sustained. This entity is a qualified health care provider. It is thus in an identical position as WJMC in regard to the necessity for plaintiff to convoke a medical review panel before filing suit. We have already considered the issue of whether the treatment of plaintiffs husband constituted a medical service under the MMA, and concluded that it did. We therefore adopt the reasoning and holding of Karen Pleasure v. Louisiana Organ Procurement Agency (LOPA), supra, to the present appeal and affirm the judgment sustaining the exception of prematurity and dismissing without prejudice plaintiffs suit against LOPA.
The final issue is whether the exception of prescription urged by Southern Eye Bank was correctly sustained. This entity was not made a party to the suit until December 15, 2009, well beyond the one year prescriptive period. It also represents that it is not a health care provider for purposes of the MMA. Plaintiff | (iargues that Southern Eye Bank is jointly and solidarily liable with WJMC and LOPA, and that the filing of suit against these latter parties interrupted prescription as to Southern Eye Bank.
In LeBreton v. Rabito, 97-2221 (La.7/8/98), 714 So.2d 1226, the court ruled that in the medical malpractice context the filing of suit prior to convoking a medical review panel does not interrupt or suspend the running of prescription. It is only the convening of a medical review panel which suspends prescription until 90 days after the panel issues its report. Because the suits against WJMC and LOPA before convening a medical review panel did not interrupt prescription as to these parties, there was no interruption which could have accrued to plaintiffs benefit against Southern Eye Bank. We also note that La. R.S. 40:1299.47 A(2)(l) provides that the convening of a medical review panel “shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review.” It is clear that the convening of a medical malpractice panel is the only means of suspending prescription as to all parties involved in the alleged malpractice, whatever their status, and that the filing of suit prior to convening a panel neither interrupts nor suspends the running of prescription. In these circumstances, we hold that the claim against Southern Eye Bank was prescribed when *178 it was named as a party, and the judgment sustaining the exception was correct.
Plaintiff also argues that she was unaware of Southern Eye Bank’s participation in the treatments until shortly before naming it as a defendant in her amended petition on December 15, 2009, and therefore the doctrine of contra non 17valentem should be applied. Under this jurisprudential doctrine, prescription is suspended in four circumstances:
1. Where there was some legal cause which prevented the courts from acting;
2. Where there was some condition coupled with a contract or the proceedings which prevented action;
3. Where the debtor has done some act to prevent the creditor from acting; or
4. Where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant.
Fontenot v. ABC Ins. Co., 95-1707 (La.6/7/96), 674 So.2d 960.
Only the fourth circumstance might be applicable here. Plaintiff asserts that because she was unaware of Southern Eye Bank’s involvement in the incident giving rise to the suit, she did not know of the cause of action against it; thus, prescription did not run. We disagree. Plaintiff knew that she had allegedly suffered at the hands of the institutions treating her husband. The record does not show that she made any effort to ascertain if there were any additional entities involved in these treatments, nor does it contain evidence which might show that the information was not reasonably discoverable. In these circumstances, we decline to apply the exception of contra non valentem to these proceedings.
For the foregoing reasons, the judgment sustaining the exception of prematurity as to WJMC is declared an absolute nullity. In all other respects, the judgment is affirmed.

AFFIRMED