GASKINS, J.
hThe plaintiff, Tealwood Properties, LLC, appeals from a trial court judgment sustaining an exception of res judicata filed by Dale Oil Company, Inc. d/b/a Dale Oil Corporation (“Dale”). For the following reasons, we reverse the trial court judgment and remand to the trial court for further proceedings.
*122 FACTS
The property at issue in this case is 477.99 acres of land in Greenwood, Louisiana. In August 1990, Mildred Elizabeth Meeker, the mother of Glen D. Graves, conveyed a mineral servitude in the property to Dale.[1] Dale is a wholly-owned corporation of the Graves. In December 1990, Mrs. Meeker sold the land to the Graves.
On August 11, 2003, a warranty deed was executed between the Graves and Tealwood for the sale of the property for 1.25 million dollars. The deed provided that the Graves were transferring all rights to oil, gas, and other minerals lying on or under said property with the exception of production of one specific well. Also, on August 11, 2003, Dale executed a release of surface rights to Tealwood. The document was signed by Mr. Graves, as president of Dale, but not by any representative of Tealwood.
In April 2008, a mineral lease on the property was granted by Dale. On June 18, 2008, Tealwood filed suit against the Graves and Dale, seeking specific performance of transferring the mineral rights to the plaintiff. Tealwood claimed breach of contract, civil fraud, and bad faith.
| ;Dale filed an exception of prescription in the trial court, claiming that there was no contractual relationship between Teal-wood and Dale; only a delictual claim for fraud was alleged and was subject to a one-year prescriptive period.
On August 3, 2009, Tealwood filed a motion for partial summary judgment against the Graves and Dale for specific performance of transfer of the mineral rights, alleging that Dale was the alter-ego of the Graves and that Mr. Graves acted in both his individual and official capacities as president of Dale. Tealwood argued that Dale and the Graves were the same entity in the transaction which transferred the property to Tealwood.
The trial court heard argument simultaneously on the exception of prescription and the motion for partial summary judgment. Tealwood conceded that the delic-tual fraud claims had prescribed. Dale argued that, because there was no contract between Dale and Tealwood, the remaining claims against Dale were prescribed and should be dismissed.
In reasons for judgment dated October 20, 2009, the trial court found that Teal-wood’s claims against Dale had prescribed and that Tealwood’s delictual claims, including fraud, against the Graves had prescribed. Because Tealwood’s claims against Dale had prescribed and there was no evidence in the record to support piercing the corporate veil, Tealwood’s motion for partial summary judgment, as it related to Dale, was denied as moot and Dale was dismissed from the suit. The trial court found that the contractual claims by Tealwood against the Graves had not prescribed, and Tealwood’s motion for partial summary judgment on contract claims against the Graves were |sdenied because there were genuine issues of material fact. On October 26, 2009, the trial court signed judgments to this effect.
Tealwood filed a motion for new trial and a motion to reconsider the granting of the exception of prescription as to Dale. The motions were denied by the trial court on February 23, 2010. Tealwood appealed only the judgment sustaining Dale’s exception of prescription. The order of appeal *123 was signed by the trial court on March 15, 2010.
On July 12, 2010, while the judgment on the exception of prescription as to Dale was on appeal in this court, the Graves filed a motion for summary judgment in the trial court, claiming that the sole issue remaining before the court was Tealwood’s contractual claim against them. The Graves noted that, according to Tealwood, the Graves breached the warranty deed when they did not transfer all the mineral rights in the disputed property. The Graves contended that the warranty deed was clear and unambiguous and the parties’ intent may be determined from the face of the instrument. The Graves did not dispute that the warranty deed conveyed all mineral interests in the property owned by them, with a limited reservation of production from an existing well.
The Graves claimed that there were no genuine issues of material fact regarding their satisfaction of the requirements of the warranty deed transferring all of their individual interest in the disputed property subject to the limited mineral reservation; therefore, they were entitled to summary judgment dismissing Tealwood’s remaining contractual claim against them.
On September 21, 2010, the trial court filed written reasons for judgment, granting the Graves’ motion for summary judgment and dismissing Tealwood’s claims against them. The trial court noted that, at the time the ^warranty deed was executed, the Graves did not own the mineral rights on the property. Tealwood alleged that the Graves committed fraud by not revealing that Dale owned the mineral rights on the land. According to the trial court, if the party against whom fraud is committed could have ascertained the truth without difficulty, inconvenience, or special skill, the fraud will not vitiate consent. Because the transfer of mineral rights to Dale was recorded in the public records, the trial court found that the public records doctrine imputed knowledge of the transfer to Tealwood. The trial court also noted that, at the time of the sale, Dale executed a release of surface rights in favor of Tealwood which was also recorded in the public records. The trial court concluded that Tealwood’s consent to the warranty deed was not vitiated by fraud and the Graves satisfied their obligations under the warranty deed. Therefore, summary judgment was granted in favor of the Graves. A judgment to that effect was signed by the trial court on October 1, 2010.
In April 2011, this court rendered its decision on Tealwood’s appeal of the judgment sustaining Dale’s exception of prescription and dismissing Dale from the suit. In Tealwood Properties, L.L.C. v. Succession of Graves, 45,975 (La.App.2d Cir.4/27/11), 64 So.3d 397, this court found that the issue was whether Tealwood had stated a cause of action for the disregard of Dale’s corporate personality because its sole shareholders obligated themselves under the deed to deliver to Tealwood the right to explore for minerals which the Graves fraudulently or erroneously retained in Dale. This court found that the allegations made by Tealwood, suggesting circumstantially that the Graves’ intent in signing the deed cannot be separated from Dale’s intent, state a case of faction to reform the deed with Dale’s direct participation in the conveyance and the cause of action had not prescribed.
Regarding the piercing of the corporate veil, we reasoned that this case fell under the “circumvention” category of veil-piercing jurisprudence. We stated that:
... in the circumvention type of case the court is being asked to disregard the separate existence of a corporation in order to prevent the shareholder of the *124 Corporation from getting around some restriction on his own freedom of action. The veil is pierced in these cases to stop the shareholder from doing indirectly through a corporation what he could not do directly as an individual, or viewed in a slightly different way, to impute to a corporation some legal disability or characteristic that, as a formal matter, is actually held by the shareholder rather than by the corporation itself. Thus, the circumvention cases do not involve issues of corporation law, as such. Rather, they raise questions about the proper interpretation of a particular statute or contract, i.e., whether the particular statute or contract in question ought to be interpreted to reach only those actions taken by the parties directly, or instead ought to be seen as reaching indirect actions as well.
Further in the opinion, we stated:
On the face of the Deed, the Graves, in their personal capacities, warranted a sale of the Tract unencumbered by any existing mineral servitude. Yet, they now assert that they simultaneously retained full ownership of the right to explore for minerals by virtue of their corporation’s mineral servitude and that this allows circumvention of the obligations of the Deed. If the written Deed is determined after trial to accurately reflect the parties’ mutual intent for the sale, the Graves’ intent may be imputed to their corporation, and Dale may be treated as a party to the transaction. This is a cause of action recognized in our jurisprudence, which prevents the shareholders to cloak themselves behind the corporate entity to shield themselves from the responsibility of the obligations of their sale.
This cause of action as expressed in Keller v. Haas, supra [202 La. 486, 12 So.2d 238 (La.1943) ], and described by Professor Morris, supra [Glenn G. Morris, Piercing the Corporate Veil in Louisiana, 52 La. L.Rev. 271 (1991) ] does not require any measure of the shareholder’s actual intent, such that bad faith or |fifraud must be proven. If it is determined that the Graves’ mutual intent with Tealwood was for the conveyance of ownership of the Tract unencumbered and with the complete landowner’s right for minerals (except the limited Baker Well mineral reservation), the Graves may have simply been in error, without any actual fraudulent intent, holding a mistaken belief that the Dale Servitude no longer encumbered their Tract. With that understanding, they would have been in good faith in the execution of the Deed but may not now shield themselves and circumvent their obligations of the Deed by asserting their corporate ownership.
Finally, there are two important points of policy. Should Tealwood prevail in its claim against Dale, the policy of limited liability for shareholders is not implicated. This so-called “circumvention ease” is not an attack on the shareholder’s shield from liability of the corporation’s debt. Likewise, the policy for our public records doctrine is not affected since Dale’s recorded mineral sale and lease to third parties after the time of the Deed are protected from the later reformation of the Deed. Yet, Dale still owns one-half of the mineral interest in the Tract. As between the parties, Teal-wood, the Graves and Dale, the Deed may now be reformed if the substantial factual dispute over the parties’ mutual intent for the mineral interest in the Tract is ultimately adjudicated as alleged by Tealwood. [Emphasis sup *125 plied.][2]
This court overruled the granting of the exception of prescription in favor of Dale and remanded the matter to the trial court for further proceedings. The opinion concluded:
In summary, Tealwood has made factual allegations sufficient to state a cause of action against Dale “for the specific performance of transferring the mineral rights” of the Tract to Tealwood by a reformation of the Deed. Dale’s remaining ownership affecting the minerals amounts to one-half of the minerals, which is the only portion which may be included in the sale to Tealwood by virtue of such reformation of the Deed. The cause of action now recognized has a prescriptive period of ten years. Accordingly, the trial court’s grant of the peremptory exception of prescription dismissing the claims against Dale is reversed.
|7When this court remanded the matter to the trial court for further proceedings, Dale filed an exception of res judicata, claiming that the trial court’s grant of summary judgment in favor of the Graves on October 1, 2010, disposed of all remaining claims in this case and that judgment became final on December 14, 2010, because Tealwood did not appeal. A hearing on the exception of res judicata was held on November 7, 2011. Essentially, Dale argued that the trial court judgment of October 1, 2010, finding that the Graves satisfied their obligations under the warranty deed, precluded any consideration on remand by the trial court as to whether Dale could be required to transfer its mineral interest in the tract to Tealwood by a reformation of the deed. Dale pointed out that, in the motion for summary judgment filed by the Graves, the trial court considered all claims for breach of the contract and decided that there was no breach. Dale argued that it was proper to accept that the Graves and Dale are one in the same.
On November 15, 2011, the trial court signed a judgment sustaining the exception of res judicata and dismissing Teal-wood’s claims against Dale. Tealwood appealed, arguing that the trial court erred in granting Dale’s exception of res judica-ta.
LEGAL PRINCIPLES
The law regarding res judicata in this state is set forth in La. R.S. 13:4231:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction |sor occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigat *126 ed and determined if its determination was essential to that judgment.
Comment (d) to this statute provides in pertinent part:
To have any preclusive effect a judgment must be valid, that is, it must have been rendered by a court with jurisdiction over subject matter and over parties, and proper notice must have been given....
Pursuant to this statute, a second action is precluded when all of the following criteria are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Wooley v. State Farm, Fire and Casualty Insurance Company, 2004-882 (La.1/19/05), 893 So.2d 746. See also Richland Parish Police Jury v. Debnam, 47,-159 (La.App.2d Cir.4/18/12), 92 So.3d 487, 2012 WL 1316996; Von Drake v. Rogers, 45,305 (La.App.2d Cir.5/19/10), 36 So.3d 1218, writ denied, 2010-1471 (La.10/15/10), 45 So.3d 1111.
The first two requirements mandate the existence of a valid and final judgment. For res judicata purposes, a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper | ^notice was given. Similarly, a final judgment is one that disposes of the merits in whole or in part. Wooley v. State Farm, Fire and Casualty Insurance Company, supra; Von Drake v. Rogers, supra, A claim is not barred by res judicata if the court in which the first action was brought lacked subject matter jurisdiction to adjudicate the claim. Kelty v. Brumfield, 633 So.2d 1210 (La.1994).
La. C.C.P. art. 3 provides:
The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void.
It is the duty of a court to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants. Atkins v. Atkins, 623 So.2d 239 (La.App. 2d Cir.1993); Renno v. Evans, 580 So.2d 945 (La.App. 2d Cir.1991). Subject matter jurisdiction is nonwaivable and the lack of it can be recognized by the court on its own motion at any time. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. Barry v. Barry, 606 So.2d 1391 (La.App. 2d Cir.1992).
The doctrine of res judicata is stricti juris; any doubt concerning application of the principle of res judicata must be resolved against its application. The doctrine of res judicata cannot be invoked unless all its essential elements are present, and each element must be established beyond all question. Kelty v. Brumfield, supra.
La. C.C.P. art. 2088 provides:
|inA. The jurisdiction of the trial court over all matters in the case renewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the ease of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal. Thereafter, the trial court has jurisdiction in the case only over those matters not review *127 able under the appeal, including the right to:
(1) Allow the taking of a deposition, as provided in Article 1438;
(2) Extend the return day of the appeal, as provided in Article 2125;
(3) Make, or permit- the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party;
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal;
(8) Enter orders permitting the deposit of sums of money within the meaning of Article 4658 of this Code;
(9) Impose the penalties provided by Article 2126, or dismiss the appeal, when the appellant fails to timely pay the estimated costs or the difference between the estimated costs and the actual costs of the appeal; or
(10) Set and tax costs and expert witness fees.
B. In the case of a suspensive appeal, when the appeal bond is not timely filed and the suspensive appeal is thereby not perfected, the trial court maintains jurisdiction to convert the suspensive appeal to a devolutive appeal, except in an eviction case.
Under the express provisions of the article, the trial court is not considered divested of jurisdiction to consider any issue that is “not reviewable |nunder the appeal.” This language, “not reviewable under the appeal,” has generally been interpreted to give the trial court continuing jurisdiction over all issues that are unaffected by the appeal, even if the issue is not specifically listed in La. C.C.P. art. 2088. Partain v. Peaker, 46,978 (La.App.2d Cir.4/11/2012), 91 So.3d 1160.
A judgment entered by a trial court after jurisdiction is divested is an absolute nullity. See Pleasure v. Louisiana Organ Procurement Agency, 11-175 (La.App.5th Cir.12/28/11), 83 So.3d 174, writ denied, 2012-0280 (La.4/13/12), 85 So.3d 1248.
DISCUSSION
The first requirement for establishing res judicata is a valid judgment. Where the trial court lacks subject matter jurisdiction, the judgment is an absolute nullity. This court has a duty to examine subject matter jurisdiction sua sponte, even when the issue is not raised by the litigants.
In the first appeal of this matter, we found that, if the written deed accurately reflects the parties’ mutual intent for the sale, the Graves’ intent may be imputed to Dale and Dale may be treated as a party to the transaction. We stated that, as between Tealwood, the Graves, and Dale, the deed may be reformed if the substantial factual dispute over the parties’ mutual intent for the mineral interest in the tract is ultimately adjudicated as alleged by Tealwood. Essentially, we found that the corporate veil in this matter should be pierced and that Dale should be considered a party to the transaction. Even in argument on the exception of res judicata, Dale stated that it was proper to accept that Dale and the Graves are one in the same.
hjUnder these circumstances, on March 15, 2010, when the trial court signed the order for Tealwood’s appeal *128 from the granting of the exception of prescription as to Dale, the trial court’s jurisdiction in this matter was divested as to both the Graves and Dale, who are one and the same. According to La. C.C.P. art. 2088, the trial court was without jurisdiction to hear the Graves’ motion for summary judgment regarding whether they had satisfied their obligations under the warranty deed because it was divested of jurisdiction. In hearing the Graves’ motion for summary judgment, the trial court was examining issues reviewable under the appeal and affected by the appeal. We also note that the trial court’s decision in favor of the Graves was based upon its prior reasoning that there was no evidence in the record to support piercing the corporate veil and that Dale was not a party to the transaction, notions clearly rejected in our prior opinion in this case.
Dale stated at the argument on its exception of res judicata that “The only reason we’re now here is because the remand on the prescription issue and the decision of the trial court on the deed kind of passed in the night.” La. C.C.P. art. 2088, which divests the trial court of jurisdiction while a matter is on appeal, is aimed at preventing the occurrence of cases “passing in the night.” The article prevents a trial court from continuing to adjudicate matters while a case is on appeal, resulting in inconsistent results with the findings of this court and in possible miscarriages of justice.
Because, under La. C.C.P. art. 2088, the trial court was divested of jurisdiction when the matter was appealed, the decision granting the Graves’ motion for summary judgment was an absolute nullity and is not a valid judgment. Without a valid judgment, Dale’s exception of res judicata must be | ^denied. Accordingly, the trial court erred in granting Dale’s exception of res judicata, based upon an invalid grant of summary judgment and that decision must be reversed.
As we stated in our prior opinion, “As between the parties, Tealwood, the Graves and Dale, the Deed may now be reformed if the substantial factual dispute over the parties’ mutual intent for the mineral interest in the Tract is ultimately adjudicated as alleged by Tealwood.”
CONCLUSION
For the reasons stated above, we reverse the trial court judgment granting the exception of res judicata in favor of Dale Oil Corporation and remand the matter to the trial court for further proceedings in accordance with this opinion and our opinion in the prior appeal of this matter. Costs in this court are assessed to Dale Oil Corporation.
REVERSED AND REMANDED.
SEXTON, J. Pro Tem., additionally concurring.

. The succession of Glen D. Graves and Mary Maricelli Graves (collectively "Graves”) were defendants in the original suit.

. In May 2008, Dale sold one-half of the minerals on the tract to Jones Energy Company, LLC ("Jones”). Jones was included as a defendant. In October 2009, the trial court found that Tealwood's claims against Jones had prescribed.