PITMAN, J.
| , Appellant Michael D. Cox appeals the district court’s maintaining of an exception of res judicata filed by Appellee Leigh Ann O’Brien and its imposition of sanctions. For the following reasons, we reverse the district court’s maintaining of the exception of res judicata and enter a judgment dismissing Mr. Cox’s action of nullity for failure to disclose a cause of action, affirm the district court’s imposition of sanctions and assess attorney fees against Mr. Cox for filing a frivolous appeal.
FACTS
The appeal sub judice arises out of a series of lawsuits, beginning with a divorce and custody lawsuit in which Mr. Cox represented the husband, Andrew Davisson. Mr. Davisson filed a defamation suit against Ms. O’Brien, a licensed clinical social worker who was appointed by the district court to evaluate the parties and advise the district court in the divorce and custody case. The district court granted summary judgment in favor of Ms. O’Brien. Mr. Davisson appealed, and this court affirmed and assessed attorney fees for a frivolous appeal and all costs of court “in solido, against Andrew Davisson and his attorney, Michael Cox.” Davisson v. O’Brien, 47,384 (La.App.2d Cir.8/8/12), 104 So.3d 467. Mr. Cox filed an action of nullity (“first action of nullity”) requesting that the district court annul this court’s award of attorney fees in Davisson v. O’Brien, supra. After stating it lacked jurisdiction to hear the case, the district court granted summary judgment in favor of Ms. O’Brien and dismissed Mr. Cox’s suit. Mr. Cox filed a notice of appeal, but did not timely pay the costs of appeal, so it was dismissed.
[¡.On July 3, 2013, Mr. Cox filed a petition for action of nullity (“second action of nullity”) requesting that the district court annul the judgment of the court of appeal that rendered a money judgment against him in Davisson v. O’Brien, supra. Mr. Cox argued that the court of appeal did not have subject matter jurisdiction or *812 personal jurisdiction over him because he was not a party to the lawsuit.
On August 2, 2013, Ms. O’Brien filed an exception of res judicata, arguing that Mr. Cox had previously filed an action praying for the same relief and that the district court granted the motion for summary judgment and dismissed this action with prejudice.
On August 20, 2013, Mr. Cox filed an opposition to Ms. O’Brien’s exception of res judicata. He argued that the first action of nullity was dismissed for lack of jurisdiction, was not adjudicated and was not dismissed with prejudice.
A hearing on the exception of res judi-cata was held on October 28, 2013. Mr. Cox argued that res judicata could not apply in this case because the first action of nullity was dismissed for lack of jurisdiction and was, therefore, not a valid, final judgment for the purposes of res judicata. He further argued that the district court did have jurisdiction pursuant to La. C.C.P. art.2006 to annul the judgment of the court of appeal and also alleged that he had been denied due process by the court of appeal because he had not been made a party to the case and had never been served or impleaded. The district court found that it did not have jurisdiction to annul the court of appeal’s judgment against Mr. Cox, granted the exception of res | judicata and sanctioned Mr. Cox pursuant to La. C.C.P. art. 863 for filing a frivolous lawsuit and harassing Ms. O’Brien and her attorney.
On November 18, 2013, the district court signed and filed a judgment maintaining the exception of res judicata and dismissing Mr. Cox’s claims at his cost. The district court also sanctioned Mr. Cox in the amount of $2,500 for “filing an Action of Nullity for an improper purpose and/or asserting an Action of Nullity which is not warranted by existing law.”
Mr. Cox appeals.
DISCUSSION

Res Judicata and No Cause of Action

In his first assignment of error, Mr. Cox argues that the district court erred in maintaining Ms. O’Brien’s exception of res judicata as to the second action of nullity when it denied that it had jurisdiction to hear the first action of nullity. Mr. Cox reasons that, because the first action was dismissed for lack of jurisdiction, it cannot be a valid, final judgment as contemplated by the res judicata statute, La. R.S. 13:4231. He further argues that the district court had jurisdiction pursuant to La. C.C.P. art.2006 to nullify the judgment. In his second assignment of error, Mr. Cox argues that the district court erred by stating that it lacked subject matter jurisdiction to hear the first action of nullity, but then signed a judgment granting Ms. O’Brien’s motion for summary judgment.
Ms. O’Brien argues that the district court correctly maintained the exception of res judicata because the second action of nullity is “clearly a duplicate” of the first action of nullity with the same parties and issues. She | contends that the district court properly granted summary judgment in her favor as to Mr. Cox’s first action of nullity and that it was a final judgment because Mr. Cox failed to timely pay costs of appeal.
The standard of review of a ruling on an exception of res judicata is manifest error when the exception is raised before the case is submitted and evidence is received from both sides. Floyd v. City of Bossier City, 38,187 (La.App.2d Cir.3/5/04), 867 So.2d 993, citing Medicus v. Scott, 32,326 (La.App.2d Cir.9/22/99), 744 So.2d 192. The doctrine *813 of res judicata is stricti juris; any doubt concerning application of the principle of res judicata must be resolved against its application. Tealwood Properties, LLC v. Succession of Graves, 47,446 (La.App.2d Cir.9/20/12), 105 So.3d 120, citing Kelty v. Brumfield, 633 So.2d 1210 (La.1994).
The law on res judicata is set forth in La. R.S. 13:4231, which states:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
| Jn other words, a second action is precluded by res judicata when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 02-1385 (La.2/25/03), 843 So.2d 1049.
For purposes of res judicata, a valid judgment is one rendered by a court with jurisdiction over both the subject matter and the parties after proper notice was given. Id., citing La. R.S. 13:4231 cmt. d (1990). Likewise, a final judgment is one that disposes of the merits in whole or in part. Id. A claim is not barred by res judicata if the court in which the first action was brought lacked subject matter jurisdiction to adjudicate the claim. Teal-wood Properties, LLC v. Succession of Graves, supra.
The district court’s actions in this case are contradictory and create an unclear record. In examining the record, we note that, at both the hearing on the first action of nullity and the hearing on the second action of nullity, the district court stated that it did not have jurisdiction to annul the court of appeal’s judgment, but then proceeded to sign judgments regarding the action of nullity. The transcript of the hearing on the first action of nullity suggests that, even though the district court signed a motion for summary judgment to dismiss the action of nullity, its dismissal was based on its|fidenial of jurisdiction, not on the grounds for summary judgment.[1] Therefore, because the dis *814 trict court declined jurisdiction in the first action of nullity, there was no valid judgment as required by La. R.S. 13:4231 and res judicata does not apply in this case.
Although the district court stated that it did not have jurisdiction to annul a judgment of the court of appeal, it noted in both hearings that La. C.C.P. art.2006 does not apply to the facts of this case. We agree with this statement; and, on our own motion, we find that Mr. Cox failed to disclose a cause of action. La. C.C.P. art. 927(B). Mr. Cox contends that La. C.C.P. art.2006 applies to the facts of this case; we disagree.
In Everything on Wheels Subaru, Inc. v. Subaru S., Inc., 616 So.2d 1234 (La.1993), the Louisiana Supreme Court explained the law on the exception of no cause of action and stated:
The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. Darville v. Texaco, Inc., 447 So.2d 473 (La.1984). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. [La. C.C.P.] art. 931. Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the 17plaintiff is legally entitled to the relief sought. Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975); Kuebler v. Martin, 578 So.2d 113 (La.1991).
The nullity of a final judgment may be demanded for vices of either form or substance. La. C.C.P. art. 2001. Regarding vices of form, a final judgment shall be annulled if it is rendered against an incompetent person not represented as required by law; against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid judgment by default has not been taken; or by a court which does not have jurisdiction over the subject matter of the suit. La. C.C.P. art. 2002. Regarding vices of substance, a final judgment obtained by fraud or ill practices may be annulled. La. C.C.P. art. 2004. A judgment affirmed, reversed, amended or otherwise rendered by an appellate court may be annulled only when the ground for nullity did not appear in the record of appeal or was not considered by the appellate court. La. C.C.P. art. 2005. An action to annul a judgment must be brought in the trial court, even though the judgment sought to be annulled may have been affirmed on appeal, or even rendered by the appellate court. La. C.C.P. art. 2006.
Neither a vice of form nor a vice of substance is present in the judgment rendered by this court in Davisson v. O’Brien, supra. This court had jurisdiction pursuant to La. C.C.P. art. 2164 to assess attorney fees for a frivolous appeal. A court may award frivolous appeal damages against both the claimant and his attorney. Mitchell v. Brown Builders, 39,673 (La.App.2d Cir.5/11/05), 902 So.2d 1288, citing State Farm Mut. Auto. Ins. Co. v. Callahan, 571 So.2d 852 (La.App. 3d Cir.1990), writ denied, 576 So.2d 51 (La.1991). La. C.C.P. art. 2006 does not afford a remedy for the facts alleged by Mr. Cox, *815 and he is not legally entitled to the relief sought.
The appropriate remedy Mr. Cox should have pursued regarding Davisson v. O’Brien, supra, was requesting a rehearing with the court of appeal or a writ of certiorari with the supreme court pursuant to La. C.C.P. art. 2166. La. C.C.P. arts. 2001-2006 are not a substitute for applying to the court of appeal for a hearing or to the supreme court for a writ of certiorari. See La. C.C.P. art. 2005, cmt. b (1960), citing Landry v. Bertrand, 48 La. Ann. 48, 19 So. 126 (1896). An action for nullity should not be employed to avoid the fees of applying for a rehearing or writ of certiorari or to overcome a missed deadline for applying for the same.
Accordingly, we find that, although the district court erred in maintaining the exception of res judicata after stating that it did not have jurisdiction, Mr. Cox failed to disclose a cause of action in his second action of nullity; and, therefore, his second action of nullity is dismissed.

Sanctions by District Court

In his third assignment of error, Mr. Cox argues that the district court erred by imposing La. C.C.P. art. 868 sanctions against him for filing a second action of nullity when the first action of nullity was dismissed for lack of subject matter jurisdiction. Mr. Cox contends that there is no legal basis for sanctioning him for relying on the district court’s pronouncement of lack of jurisdiction and that he did not intend to waste time and money by filing his second action for nullity. In his fourth assignment of error, |flMr. Cox argues that the district court erred by imposing La. C.C.P. art. 863 sanctions against him because it declined to describe the conduct violating that article. He also contends that he has been denied due process because he has not had a hearing on the merits regarding sanctions.
Ms. O’Brien states that Mr. Cox is “thumbing his nose at ... the trial court with each and every additional pleading he files.”
La. C.C.P. art. 863 sets forth the circumstances under which a trial court may impose sanctions and states, in pertinent part, that:
[[Image here]]
B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
(1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
(2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
(3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
(4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.
* * *
D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation |inof the provisions of this *816 Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.
E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
* ⅜ *
G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.
A court of appeal reviews a trial court’s factual determination that La. C.C.P. art. 863 has been violated under the manifest error or clearly wrong standard of review. Joyner v. Wear, 27,631 (La.App.2d Cir.12/6/95), 665 So.2d 634, writs denied, 96-0040-0042 (La.2/28/96), 668 So.2d 370.
In this case, the district court noted in its written ruling that it imposed $2,500 in sanctions due to Mr. Cox’s “filing an Action of Nullity for an improper purpose and/or asserting an Action of Nullity which is not warranted by existing law.” During the hearing on the second action of nullity, the district court stated:
I believe that you have filed this second [action] knowing what the outcome was going to be because you just said it and that you are dragging this case out indefinitely to not have to pay the $2500 attorney fees from the Court of Appeals; to ... cause Ms. O’Brien to incur addition attorney fees; to ... punish [her attorney] for ... doing what he was hired to do as defense counsel and to go to Court and ... to the appellate level and to everything as many times as possible that if it’s going to cost you $2500 you’re going to make it cost[] them three times that much.
The district court then allowed Mr. Cox an opportunity to respond, and he | T1 explained why he thought his motion was not frivolous.
We find that the district court was not manifestly erroneous or clearly wrong in imposing sanctions in this case. It allowed Mr. Cox the opportunity to present an argument regarding the imposition of the sanction, as required by La. C.C.P. art. 863(E). The district court clearly described the conduct that it determined violated La. C.C.P. art. 863(B) and explained the basis for the sanction imposed as required by La. C.C.P. art. 863(G).
Accordingly, this assignment of error is without merit.

Attorney Fees Imposed by Appellate Court

In his fifth assignment of error, Mr. Cox argues that the court of appeal in Davisson v. O’Brien, supra, erred by imposing a money judgment against him pursuant to La. C.C.P. art. 2164 when he was not a party to the suit.
La. C.C.P. art. 2166(A) states in pertinent part that “[t]he judgment of a court of appeal becomes final and definitive if neither an application to the court of appeal for rehearing nor an application to the supreme court for a writ of certiorari is timely filed.”
Neither an application to this court for rehearing nor an application to the supreme court for a writ of certiorari was timely filed as to Davisson v. O’Brien, supra. Therefore, this is a final judgment, and this court will not reconsider the *817 award of attorney fees it imposed in Davisson v. O’Brien, supra.
Accordingly, this assignment of error is without merit.

Additional Sanctions

| isMs. O’Brien seeks .additional attorney fees and costs and asks that this court impose other sanctions as it deems appropriate.
La. C.C.P. art. 2164 states:
The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages, including attorney fees, for frivolous appeal or application for writs, and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
This provision is penal in nature and is to be strictly construed. Straughter v. Hodnett, 42,827 (La.App.2d Cir.1/9/08), 975 So.2d 81, writ denied, 08-0573 (La.5/2/08), 979 So.2d 1286, citing Pratt v. Louisiana State Med. Ctr. in Shreveport, 41,971 (La.App.2d Cir.2/28/07), 953 So.2d 876. Appeals are always favored and, unless the appeal is unquestionably frivolous, damages will not be allowed. Hampton v. Greenfield, 618 So.2d 859 (La.1993), citing City of Shreveport v. U.S. Fid. & Guar. Co., 131 La. 933, 60 So. 621 (1913). Damages for frivolous appeal are only allowed when it is obvious that the appeal was taken solely for delay, that the appeal fails to raise a serious legal question or that counsel is not sincere in the view of the law he advocates, even though the court is of the opinion that such view is not meritorious. Straughter v. Hodnett, supra; Hampton v. Greenfield, supra, citing Parker v. Interstate Life & Acc. Ins. Co., 248 La. 449, 179 So.2d 634 (1965).
The appeal before this court is a frivolous appeal that stems from a previous frivolous appeal. Mr. Cox’s actions continue to force Ms. O’Brien and her attorney into court in 2014 for an issue that should have been 11sresolved by a request for rehearing or writ of certiorari by Mr. Cox in 2012.
Accordingly, we award $1,000 in attorney fees against Mr. Cox.

CONCLUSION

For the foregoing reasons, we reverse the district court’s maintaining of Appellee Leigh Ann O’Brien’s exception of res judi-cata and render a judgment dismissing Appellant Michael Cox’s second action for nullity for failure to disclose a cause of action. We affirm the district court’s imposition of sanctions against Mr. Cox. Additionally, attorney fees of $1,000 and costs of appeal are assessed to Appellant Michael Cox.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
CARAWAY, J., concurs.

. Specifically, the district court stated:
My reasoning ... is I believe that the ... sanctions given by the Court of Appeals were based ... on actions and ... argument and other things that took place once I was divested of jurisdiction and that Article 2006 of the Code of Civil Procedure does not apply. And I do not have jurisdiction ... to make that call.
Mr. Cox voiced his concern with the district court signing a motion for summary judgment after it had just stated that it was denying the action of nullity for lack of jurisdiction. The district court responded:
*814 That’ll be in the record.
[[Image here]]
So if you’re going to appeal it, they're going to look at the record. So they’re going to know exactly why ... I denied it.