STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-999

DIONE W. DAVID

VERSUS

RICHARD G. DAVID

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 113919
HONORABLE CHARLES PORTER, DISTRICT JUDGE

**********

**MARC T. AMY
JUDGE**

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Shannon J. Gremillion, Judges.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR A HEARING.**

Ed W. Bankston
Post Office Box 53485
Lafayette, LA   70505
(337) 237-4223
COUNSEL FOR DEFENDANT/APPELLANT:
      Richard G. David

L. E. "Tony" Morrow, Jr.
The Law Offices of Tony Morrow
323 E. University Avenue
Lafayette, LA   70503
(337) 233-9515
COUNSEL FOR PLAINTIFF/APPELLEE:
      Dione W. David

**AMY, Judge.**

This matter is yet another facet of the ongoing proceedings stemming from the parties' divorce and community property partition. After the community partition judgment was amended and affirmed on appeal, and supreme court writs were denied, the husband filed a Petition for Action of Nullity of Judgment, which was set for trial. The day before trial, the husband filed a motion to recuse the trial court judge. That motion was denied without a hearing. Neither the husband nor his attorney appeared at the trial of the petition for nullity, and the trial court dismissed the petition with prejudice and awarded sanctions against the husband and his attorney. This appeal follows. For the following reasons, we affirm in part, reverse in part, and remand for a hearing.

### Factual and Procedural Background

As discussed in this case's previous incarnations before this court, Richard and Dione David were married for thirty-six years before divorce proceedings were instituted. At the time of the divorce, there were multiple businesses and parcels of real property at issue for partition. After a multi-day trial on the community property partition issue, the trial court rendered judgment partitioning the community property. Richard appealed, and, on appeal, a panel of this court amended the partition judgment and affirmed, as amended. *David v. David*, 12-1051 (La.App. 3 Cir. 4/10/13), 117 So.3d 148. Richard sought a rehearing in this court, which was denied. Additionally, his application for certiorari and request for reconsideration at the Louisiana Supreme Court was denied. *David v. David*, 13-1541 (La. 10/4/13), 122 So.3d 1023; *David v. David*, 13-1541 (La. 11/15/13), 125 So.3d 1098. Although Richard's application for certiorari with regard to the partition judgment was denied, litigation in both the trial and appellate courts

continued. Other proceedings before this court indicate that Richard was sometimes at least partially successful in his appellate endeavors, *David v. David*, 14-126 (La.App. 3 Cir. 6/4/14), 114 So.3d 1110, and sometimes not, *David v. David*, 12-1260 (La.App. 3 Cir. 3/13/13), 110 So.3d 713. Most recently, Dione filed a motion to cancel several notices of lis pendens attached to properties that were awarded to her in the partition judgment, which Richard opposed. *David v. David*, 14-758 (La.App. 3 Cir. 12/10/14), __ So.3d __. Dione's motion was granted by the trial court, and that judgment was affirmed on appeal. *Id.*

In December of 2013, Richard filed a Petition for Action of Nullity of Judgment on the basis that he had been deprived of his "legal rights." Therein, Richard contended that the original community property partition judgment was in violation of La.R.S. 9:2801(4)(b); that he had been required to pay for one of the properties twice; that he paid one-half of his IRA account to Dione, but that he had not received one-half of her IRA account; that the trial court failed to take into consideration some 600 pages of evidence which had been filed, post-trial, with the clerk of court; and that the trial court awarded Richard some credits that were not reflected in the partition judgment.

According to the record, at Richard's request, a hearing was scheduled for April 1, 2014. However, on March 31, 2014, Richard filed a motion to recuse the trial court judge, alleging that the trial court judge was biased and that it was "unexpected that [the trial court] would render an impartial judgment with regard to these issues." In support of this allegation, Richard pointed to the trial court's original partition judgment; the alleged failure to consider the 600 pages of evidence submitted post-trial; the trial court's prior issuance of bench warrants for Richard's arrest and order to jail Richard for ninety days; and the cancellation of

2

the notices of lis pendens.[1] That same day, the trial court denied the motion without a hearing. Trial on the petition for nullity of judgment went forward the next day. However, neither Richard nor his attorney appeared at the hearing. After Dione's attorney requested dismissal of the petition and sanctions, the trial court dismissed the petition for nullity with prejudice and awarded sanctions in the form of attorney fees and costs.

Richard appeals, asserting that:

> A. The trial court erred by its judgment of Article 863 Sanctions in the amount of $10,000.00.
>
> B. The court erred by having denied defendant's motion to recuse.
>
> C. The court erred by dismissing defendant's petition for nullity with prejudice.

## Discussion

*Motion to Recuse*

Louisiana Code of Civil Procedure Articles 151—161 address the recusation of judges. Louisiana Code of Civil Procedure Article 151 provides the grounds for recusation, stating:

> A. A judge of any court, trial or appellate, shall be recused when he:
>
> (1) Is a witness in the cause;
>
> (2) Has been employed or consulted as an attorney in the cause or has previously been associated with an attorney during the latter's employment in the cause, and the judge participated in representation in the cause;

---

[1] The trial court's judgment cancelling the notices of lis pendens was on appeal when the motion to recuse was filed. Since that time, a panel of this court affirmed the trial court's judgment in *David*, __ So.3d __.

3

(3) Is the spouse of a party, or of an attorney employed in the cause or the judge's parent, child, or immediate family member is a party or attorney employed in the cause; or

(4) Is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that he would be unable to conduct fair and impartial proceedings.

B. A judge of any court, trial or appellate, may be recused when he:

(1) Has been associated with an attorney during the latter's employment in the cause;

(2) At the time of the hearing of any contested issue in the cause, has continued to employ, to represent him personally, the attorney actually handling the cause (not just a member of that attorney's firm), and in this case the employment shall be disclosed to each party in the cause;

(3) Has performed a judicial act in the cause in another court; or

(4) Is related to: a party or the spouse of a party, within the fourth degree; an attorney employed in the cause or the spouse of the attorney, within the second degree; or if the judge's spouse, parent, child, or immediate family member living in the judge's household has a substantial economic interest in the subject matter in controversy sufficient to prevent the judge from conducting fair and impartial proceedings in the cause.

Additionally, La.Code Civ.P. art. 154 addresses the procedure for recusation, stating:

A party desiring to recuse a judge of a district court shall file a written motion therefor assigning the ground for recusation. This motion shall be filed prior to trial or hearing unless the party discovers the facts constituting the ground for recusation thereafter, in which event it shall be filed immediately after these facts are discovered, but prior to judgment. If a valid ground for recusation is set forth in the motion, the judge shall either recuse himself, or refer the motion to another judge or a judge ad hoc, as provided in Articles 155 and 156, for a hearing.

When a party seeks recusation of a judge based on allegations of bias or prejudice, our jurisprudence requires not only a finding of actual bias or prejudice,

but that the bias or prejudice "'must be of a substantial nature and based on more than conclusory allegations.'" *Covington v. McNeese State Univ.*, 10-250, pp. 2-3 (La. 4/5/10), 32 So.3d 223, 224-225 (quoting *Southern Casing of La., Inc. v. Houma Avionics, Inc.*, 00-1930 (La.App. 1 Cir. 9/28/01), 809 So.2d 1040). Adverse rulings alone do not show bias or prejudice. *Earles v. Ahlstedt*, 591 So.2d 741 (La.App. 1 Cir. 1991). Further, alleged bias or prejudice which "emanates from testimony and evidence set forth in the proceedings" is not of an "extrajudicial nature" and is therefore insufficient to merit recusal. *Augman v. City of Morgan City*, 03-396, p. 3 (La.App. 1 Cir. 12/31/03), 864 So.2d 248, 249.

Where the motion to recuse does not contain a valid ground for recusation, the trial court judge may deny the motion without referring it to another judge for determination. *Augman*, 864 So.2d 248. Our review of the record indicates that the allegations of bias and impropriety in the motion to recuse are conclusory and stem from the trial court's rulings adverse to Richard. Accordingly, we find no error in the trial court's denial of the motion to recuse without a hearing.

This assignment of error is without merit.

*Dismissal of Petition for Nullity*

Richard asserts that the trial court erred in dismissing his petition for nullity. The transcript of the trial of the action of nullity shows that neither Richard nor his counsel appeared for hearing. The trial court's judgment dismissing the petition for action of nullity states, in pertinent part:

> Although being noticed of the hearing date and time, both Mr. David and Mr. Bankston[, his attorney,] failed to appear in Court for this hearing, where each party and their attorney could present evidence and/or argument. Present in court for the hearing was Dione W. David and her attorney, L.E. "Tony" Morrow, Jr.

5

> After waiting until all other matters on the Court's docket where [sic] heard, and after insuring that Mover in Motion and his attorney were not present, either inside or outside the courtroom, Counsel for respondent, L.E. "Tony" Morrow, proceeded forward with argument in regards to the Petition for Action of Nullity of Judgment.

In addition to his legal arguments, Dione's attorney moved for dismissal of the petition for nullity of judgment, which was granted by the trial court.

Pursuant to La.Code Civ.P. art. 1672(A)(1), "[a] judgment dismissing an action shall be rendered upon application of any party, when the plaintiff fails to appear on the day set for trial. In such case, the court shall determine whether the judgment of dismissal shall be with or without prejudice." The trial court's dismissal of an action based on a plaintiff's failure to appear for trial will only be reversed on appeal if there is a showing that the trial court abused its discretion. *Jackson v. Royal Ins. Co.*, 97-723 (La.App. 3 Cir. 12/17/97), 704 So.2d 424.

The record shows that Richard requested that trial be set in this matter and that notices were sent from the Clerk's office approximately one month before the trial date. Neither Richard nor his counsel appeared at the trial. There is nothing in the record before this court that explains or attempts to excuse this failure. We find no abuse of discretion in the trial court's dismissal, with prejudice, of the petition for action of nullity.

This assignment of error is without merit.

*Sanctions*

The trial court imposed sanctions, in the form of attorney fees, against Richard and his attorney. Richard contends that the trial court erred in so doing. Pursuant to La.Code Civ.P. art. 863, the trial court may impose sanctions, including attorney fees, upon an attorney or his client when the court determines

6

that the party has filed a frivolous pleading. *See Richardson v. Whitney Nat'l Bank*, 06-803 (La.App. 5 Cir. 2/27/07), 953 So.2d 836, *writ denied*, 07-670 (La. 5/18/07), 957 So.2d 153. The trial court's determination that sanctions are warranted is subject to the manifest error standard of review. *Acosta v. B & B Oilfield Servs., Inc.*, 12-122 (La.App. 3 Cir. 6/6/12), 91 So.3d 1263. Once the trial court determines that sanctions are appropriate, the type and/or amount of sanctions is subject to the abuse of discretion standard of review. *Id.*

However, as pointed out by Richard in his brief, pursuant to La.Code Civ.P. art. 863(E), "[a] sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction." Although the article does not address the requirement of notice, the first and fifth circuits have previously found that due process requires reasonable notice in these cases. *Alombro v. Alfortish*, 02-1081 (La.App. 5 Cir. 4/29/03), 845 So.2d 1162, *writ denied*, 03-1947 (La. 10/31/03), 857 So.2d 486; *Lee v. Woodley*, 615 So.2d 349 (La.App. 1 Cir.), *writ denied*, 618 So.2d 411 (La.1993). The request for sanctions may be made orally and actual notice is sufficient. *Lee*, 615 So.2d 349.

In *Cox v. O'Brien*, 49,278 (La.App. 2 Cir. 8/13/14), 147 So.3d 809, *writ denied*, 14-1907 (La. 11/21/14), __ So.3d __, the second circuit recently rejected an attorney's argument that he had been denied due process because there was no hearing on the merits regarding sanctions. Therein, the trial court dismissed an attorney's nullity action pursuant to exceptions of res judicata and no cause of action. *Id.* At the same hearing, the trial court found that the action was filed for improper purposes and/or not warranted by existing law and awarded sanctions against the attorney. *Id.* The second circuit found no error in the trial court's

award of sanctions, noting that the attorney had "the opportunity to present an argument regarding the imposition of the sanction[.]" *Id.* at __.

Pursuant to our review, there is nothing in the record that would indicate that either Richard or his attorney was provided with notice of the issue of sanctions. The request for sanctions was made at the hearing on the petition for action of nullity, a hearing which neither Richard nor his attorney was present. Thus, unlike in *Cox*, 147 So.3d 809, neither Richard nor his attorney had the opportunity to present an argument or evidence concerning the imposition of the sanction. Accordingly, we reverse the award of sanctions and remand for a hearing.

## DECREE

For the foregoing reasons, the trial court's denial of Richard G. David's motion to recuse, signed March 31, 2014, is affirmed. The trial court's judgment, signed May 29, 2014, is affirmed as to the dismissal of Mr. David's Petition for Action of Nullity of Judgment and reversed as to the award of sanctions against Mr. David and his attorney, Ed Bankston. This matter is remanded to the trial court for a hearing on the issue of sanctions. Costs of this matter are assessed one-half to Richard David and one-half to Dione David.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED FOR A HEARING.**