Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,140-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

BANKERS INSURANCE COMPANY                    Appellant

versus

STATE OF LOUISIANA                           Appellee

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 610,340

Honorable Michael A. Pitman, Judge

* * * * *

KENNETH J. BECK                              Counsel for Appellant


TOMMY J. JOHNSON                             Counsel for Appellee
Assistant District Attorney



* * * * *

Before STONE, COX, and THOMPSON, JJ.

**COX, J.**

This nullity of judgment appeal arises out of the First Judicial District Court (First JDC), Caddo Parish, Louisiana. Bankers Insurance Company ("Bankers") brought a petition for nullity against a judgment of bond forfeiture in favor of the State of Louisiana ("State"). Bankers seeks review of the district court's decision to grant the State's exception of res judicata. We respectfully reverse the district court's ruling on the exception of res judicata, but affirm the ruling on the exception of no cause of action.

## FACTS

On September 7, 2016, Bankers wrote a bond in the amount of $50,000 for a defendant named Claude McQueen. On February 22, 2017, Mr. McQueen failed to appear in the First JDC. On March 28, 2017, Bankers was notified of Mr. McQueen's failure to appear. At the time, Mr. McQueen was incarcerated in Dallas County Jail. In its initial petition for nullity, Bankers claimed that it notified the State of this information on May 2, 2017. In the same petition, Bankers also asserted that on November 2, 2017, it provided the Caddo Parish District Attorney's Office the costs of transporting Mr. McQueen.

On February 12, 2018, the State moved for forfeiture of the bond. The trial court issued a judgment of forfeiture. Bankers failed to appear at the hearing and did not offer any objection to the forfeiture. Bankers did not appeal the judgment of bond forfeiture.

On July 27, 2018, Bankers filed a petition for nullity. In its petition, Bankers claimed that it notified the Caddo Parish District Attorney's Office that Mr. McQueen was in jail in Dallas, Texas and met the requirements of

constructive surrender. Bankers claimed that these facts entitled it to a nullity.

The State answered the petition for nullity on August 14, 2018. In its answer, the State denied the allegations. The State filed exceptions of res judicata and no cause of action. In its exception of res judicata, the State argued that the initial bond forfeiture judgment was valid and final, the cause of action existed at the time of the final judgment, and the cause of action asserted in the nullity action arose out of the transaction or occurrence that was the subject matter of the initial bond forfeiture. The State claimed that Bankers was precluded from arguing constructive surrender because it could have raised the issue in the initial bond forfeiture case, but failed to do so. In the State's exception of no cause of action, it argued that Bankers did not assert a viable cause of action as it was based upon La. C. Cr. P. art. 349.5, which was repealed as of January 1, 2017. On December 3, 2018, Bankers filed an opposition to the exception of res judicata. In Bankers' opposition to the res judicata exception, Bankers argued that La. C. C. P. arts. 2001-2003 provided an avenue to circumvent res judicata. Bankers did not mention the exception of no cause of action in its opposition.

On December 3, 2018, the district court granted the exceptions of res judicata and no cause of action. Bankers now appeals the district court's ruling.

## DISCUSSION

Bankers seeks review of the district court's ruling regarding the exception of res judicata. It is important to emphasize that Bankers did not seek review of the other exception granted by the district court for no cause

of action. Bankers argues only that the district court erred in granting the exception of res judicata.

Bankers argues that La. C. Cr. P. art. 349.5 should govern this case even though the law was repealed in January of 2017, and the forfeiture judgment was rendered in February of 2018. Bankers further contends that it is entitled to nullity under La. C. C. P. art 2002. La. C. C. P. art 2002 states:

A final judgment shall be annulled if it is rendered:

1) Against an incompetent person not represented as required by law.

2) Against a defendant who has not been served with process as required by law and who has not waived objection to jurisdiction, or against whom a valid final default judgment has not been taken.

3) By a court which does not have jurisdiction over the subject matter of the suit.

Bankers fails to articulate which of these scenarios is applicable to the case before us.

Additionally, Bankers argues that res judicata is not applicable. It argues that the facts indicate it met the requirements of a constructive surrender, and thus it should be entitled to a nullity hearing.

In its response, the State makes two key arguments: 1) the district court properly granted its exception of res judicata, and 2) Bankers failed to appeal the no cause of action, thus this appeal is moot.

The State asserts that the bond forfeiture was already litigated, which bars Bankers from relitigating this issue through a nullity action. The State contends that res judicata is proper when 1) there is a valid judgment; 2) there is a final judgment; 3) the parties are the same; 4) the cause or causes

3

of action asserted in the second suit existed at the time of the final judgment in the first suit; and, 5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. Additionally, the State claims that Bankers has failed to appeal the no cause of action exception within the designated timeframes, and therefore, this appeal is moot.

The standard of review of a ruling on an exception of res judicata is manifest error when the exception is raised before the case is submitted and evidence is received from both sides. *Barnett v. Louisiana Med. Mut. Ins. Co.*, 51,908 (La. App. 2 Cir. 5/23/18), 248 So. 3d 594, *writ denied*, 2018-0944 (La. 9/28/18), 253 So. 3d 154.

Louisiana's doctrine of res judicata is set forth in La. R.S. 13:4231, which provides:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
>
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
>
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

Under La. R.S. 13:4231, a second action is precluded when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the

4

second suit existed at the time of final judgment in the first litigation; and, (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Chauvin v. Exxon Mobil Corp.*, 14-0808 (La. 12/9/14), 158 So. 3d 761; *Barnett*, *supra*. The doctrine or res judicata is stricti juris; any doubt concerning application of the principle of res judicata must be resolved against its application. *Cox v. O'Brien*, 49,278 (La. App. 2 Cir. 8/13/14), 147 So. 3d 809, *writ denied*, 14-1907 (La. 11/21/14), 160 So. 3d 972.

Here, the first suit was a bond forfeiture. The bond forfeiture judgment is a valid, final judgment, and the time for appeal has prescribed. The State and Bankers are the same parties as to the first suit. However, the cause of action for a nullity, by its nature, did not exist at the time of the final judgment in the first suit because an action for nullity does not ripen until the final judgment is rendered. The district court erred in granting the State's exception of res judicata because the action for nullity was not available to Bankers until the final judgment regarding the bond forfeiture was rendered. As such, we respectfully reverse the trial court's ruling regarding res judicata.

Since Bankers did not appeal the no cause of action judgment by the district court, we affirm that portion of the judgment.

## CONCLUSION

For the foregoing reasons, we respectfully reverse the district court's granting of the exception of res judicata and affirm the granting of the exception of no cause of action. Costs of this appeal are assessed to the appellant, Bankers.

**REVERSED IN PART AND AFFIRMED IN PART.**