LEMMON, Judge.
In this defamation suit defendants have appealed from a judgment, rendered after a trial on the merits which awarded plaintiff the sum of $750.00. The principal issue on appeal is whether the words in the letter, admittedly written by defendant Benfield, constitute defamation.
Benfield, a casualty claims adjuster employed by an independent adjusting firm, wrote the following letter to plaintiff, an attorney, with a copy to the adjusting firm’s client:
“August 9, 1977
“MR. Frank Morris
Attorney at Law
6619 Airline Highway
Airline Park Shopping Center
Metairie, Louisiana 70003
“RE: Claim No.: 77-939
Insured: La. Coca Cola Bottling Company
Claimant: Sharren Johnson
D/A: 3/1/77-
“Dear Mr. Morris:
“I am very distressed that your client broke the appointment to see Dr. Horn which was for July 21, 1977. Also, I find that you have not returned the medical authorization which I requested that your client sign on July 5, 1977. Additionally, you have still not sent me any proof of medical treatment, even after you advised me that your client was in the hospital under the care of Dr. Phillips on March 21, 1977.
“I sincerely regret that you refuse to cooperate with us at all on this claim. We had hoped that we would be able to negotiate with you on this matter, but it appears that you are merely intent on building your client’s claim to the best of your ability. Please advise your client that we were perfectly willing to settle your property damage portion of his claim if you would have chosen to cooperate with us. Please advise your client that we will not now settle 'his property damage claim until we are able to settle the bodily injury claim also. You might also inform your client that the claim of the third vehicle in this accident was settled in its entirety on May 1, 1977.
“I assume that I will hear from you in good time. Thank you.
“Sincerely,
/s/ Pat Benfield
“Pat Benfield
Claim Representative
“cc: La. Coca Cola Bottling Company”
(Emphasis supplied)
Words are defamatory which tend to expose a person to contempt, hatred, ridicule or disgrace, or to injure him in his reputation, occupation or public standing. Madison v. Bolton, 234 La. 997, 102 So.2d 433 (1958); Mitchell v. Truck Service, Inc., 286 So.2d 112 (La.App. 4th Cir. 1973). Plaintiff contends that the language of the letter, and particularly the emphasized
*1083 words, have cast aspersions on his professional conduct and have lowered his status in the public’s view as to the high ethical standards he has sought to maintain.
A lawyer who is intent on building his ■ client’s claim is not necessarily to be held in disgrace or disrepute and may even be praised for his efforts. Nevertheless, the emphasized words, taken in context, indicate Benfield’s abhorrence of plaintiff’s alleged unwillingness to cooperate in voluntary discovery of medical information (which no lawyer is obliged to do) and state his withdrawal of willingness to cooperate in subsequent negotiations.
While the language may reasonably be characterized as insulting or even lacking in tact, it is not defamatory. The language is simply an expression by a person in the business of negotiating of his dislike of what he considered to be the attorney’s attitude in ignoring nonobligatory release of medical information. The communication does not subject the attorney to public ridicule or disgrace or injure his legal or personal reputation. Damages are not awarded for merely insulting language which does not otherwise qualify as defamation or as intentional infliction of mental anguish. See generally 15 A.L.R.2d 108 (1952).
Accordingly, the judgment of the trial court is reversed, and it is now ordered that plaintiff’s suit be dismissed at his cost.

REVERSED AND RENDERED.