STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

15-133

IN RE: W.K. & W.S.K., JR. APPLYING FOR
INTRAFAMILY ADOPTION OF MINOR, W.S.K., III

VERSUS

L.L., NATURAL MOTHER

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, DOCKET NO. 7053
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, Marc T. Amy, and James T. Genovese, Judges.

**REVERSED.**

Amy, J., concurs in the result and assigns separate reaons.

Annette Roach
Roach & Roach, APLC
724 Moss Street
Lake Charles, Louisiana  70601
(337) 436-2900
COUNSEL FOR APPELLANT:
    Wilford Carter

**Rudie R. Soileau, Jr.**
**Lundy, Lundy, Soileau & South**
**501 Broad Street**
**Lake Charles, Louisiana 70601**
**(337) 439-0707**
**COUNSEL FOR APPELLANT:**
         **Wilford Carter**


**Walter M. Sanchez**
**The Sanchez Law Firm, L.L.C.**
**901 Lakeshore Drive, Suite 1050**
**Lake Charles, Louisiana 70601**
**(337) 433-4405**
**COUNSEL FOR:**
         **W.K. & W.S.K., Jr.**

**GENOVESE, Judge.**

In this adoption proceeding, counsel for the natural mother, Wilford Carter,[1] appeals the trial court's award of sanctions, attorney fees, and court costs in favor of the prospective adoptive parent, W.K., and the natural father, W.S.K., Jr. For the following reasons, we reverse.

## BACKGROUND

The instant matter instituted by W.K. and W.S.K., Jr., is predicated on an action involving the minor child, W.S.K., III, who is the biological child of L.L. and W.S.K., Jr. In February 2014, a Petition for Intrafamily Adoption was filed wherein W.K., the current wife of W.S.K., Jr., seeks to adopt W.S.K., III. An objection was filed pro se by L.L., the natural mother of W.S.K., III. Subsequently, Mr. Carter was retained to represent L.L. Trial on the adoption petition was set for April 7, 2014, before Judge Guy Bradberry (Judge Bradberry), duly elected judge of the Fourteenth Judicial District Court in Calcasieu Parish, Louisiana. Just prior to trial, however, Mr. Carter filed a Motion to Recuse Judge Bradberry from presiding over the adoption. Mr. Carter's recusal motion was referred for hearing before Judge Clayton Davis (Judge Davis), likewise a duly elected judge of the Fourteenth Judicial District Court in Calcasieu Parish, Louisiana.

On July 18, 2014, a hearing on Mr. Carter's request to recuse Judge Bradberry from hearing the adoption proceeding was conducted. The recusal was denied.

---

[1]Wilford Carter, a retired judge of the Fourteenth Judicial District Court, would customarily be referred to as Judge Carter; however, due to references to other presently-serving judges, we will refer to him as Mr. Carter herein to avoid confusion.

On July 22, 2014, a Motion and Order Setting Art. 863[2] Hearing was filed by Judge Davis against Mr. Carter, asserting:

> The Court[,] on its own motion and pursuant to [La.Code Civ.P.] art. 863 (D) and (E)[,] sets a sanctions hearing . . . for the

---

[2]Louisiana Code of Civil Procedure Article 863, which governs the content of a pleading and authorizes the imposition of sanctions, provides:

> A. Every pleading of a party represented by an attorney shall be signed by at least one attorney of record in his individual name, whose address shall be stated. A party who is not represented by an attorney shall sign his pleading and state his address.
>
> B. Pleadings need not be verified or accompanied by affidavit or certificate, except as otherwise provided by law, but the signature of an attorney or party shall constitute a certification by him that he has read the pleading, and that to the best of his knowledge, information, and belief formed after reasonable inquiry, he certifies all of the following:
>
> (1) The pleading is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.
>
> (2) Each claim, defense, or other legal assertion in the pleading is warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.
>
> (3) Each allegation or other factual assertion in the pleading has evidentiary support or, for a specifically identified allegation or factual assertion, is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> (4) Each denial in the pleading of a factual assertion is warranted by the evidence or, for a specifically identified denial, is reasonably based on a lack of information or belief.
>
> C. If a pleading is not signed, it shall be stricken unless promptly signed after the omission is called to the attention of the pleader.
>
> D. If, upon motion of any party or upon its own motion, the court determines that a certification has been made in violation of the provisions of this Article, the court shall impose upon the person who made the certification or the represented party, or both, an appropriate sanction which may include an order to pay to the other party the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable attorney fees.
>
> E. A sanction authorized in Paragraph D shall be imposed only after a hearing at which any party or his counsel may present any evidence or argument relevant to the issue of imposition of the sanction.
>
> F. A sanction authorized in Paragraph D shall not be imposed with respect to an original petition which is filed within sixty days of an applicable prescriptive date and then voluntarily dismissed within ninety days after its filing or on the date of a hearing on the pleading, whichever is earlier.
>
> G. If the court imposes a sanction, it shall describe the conduct determined to constitute a violation of the provisions of this Article and explain the basis for the sanction imposed.

purpose of determining sanctions, if any, to be assessed against [L.L.] and her counsel, Wilford Carter, for the filing of the July 7, 2014 Motion to Recuse.

The hearing was conducted on August 5, 2014, and, upon its own motion, the trial court sanctioned Mr. Carter for violating La.Code Civ.P. art. 863. Judgment was signed on August 20, 2014, wherein Mr. Carter was "sanctioned for his conduct in connection with these proceedings" and was ordered to pay $1,000.00 in sanctions, $2,000.00 in attorney fees, and court costs.

## STANDARD OF REVIEW

"The trial court's determination that sanctions are warranted is subject to the manifest error standard of review. *Acosta v. B & B Oilfield Servs., Inc.*, 12-122 (La.App. 3 Cir. 6/6/12), 91 So.3d 1263." *David v. David*, 14-999, p. 7 (La.App. 3 Cir. 2/4/15), 157 So.3d 1164, 1169.

## ASSIGNMENTS OF ERROR

Mr. Carter appeals, asserting that the trial court "erred in imposing Article 863 sanctions against counsel for filing a motion to recuse[]" and "improperly restricted the Appellant's presentation of his case at the hearing on sanctions."

## DISCUSSION

In its oral reasons, the trial court analogized *Slaughter v. Board of Supervisors of Southern University & Agricultural & Mechanical College*, 10-1114 (La.App. 1 Cir. 8/2/11), 76 So.3d 465, *writ denied*, 11-2112 (La. 1/13/12), 77 So.3d 970, and *Alombro v. Alfortish*, 02-1081 (La.App. 5 Cir. 4/29/03), 845 So.2d 1162, *writ denied*, 03-1947 (La. 10/31/03), 857 So.2d 486, to the matter at hand when it sanctioned Mr. Carter for violating La.Code Civ.P. art. 863. Specifically, the trial court stated, in pertinent part:

I have looked at several cases in anticipation of today. And this case fits perfectly within the discussion of a couple of cases, primarily

[*Slaughter*, 76 So.3d 465], recusal of a judge, the lack of the objectively reasonable inquiring of the facts and the law.

Article 151 requires a finding of actual bias or prejudice which must be of a substantial nature and based on more than conclusory allegations. It must be filed immediately after these facts are discovered[,] but prior to judgment.

Arguably, the timing on this motion to recuse was after the judgment of the sanctions and other rulings that they found offensive and not prior to. And [Mr.] Carter had been in the case for three months and arguably had time to discover these facts. I find it interesting that his client told him at some point leading up to the motion to recuse that she knew there was a friendship, but she wasn't called at the recusal hearing, but she was referred to today as someone who passed along the information about the relationship between Bradberry and [W.S.K., Jr.].

In other words, the motion to recuse -- I'm back to [*Slaughter*, 76 So.3d 465] -- must be filed immediately after the party discovers the facts constituting grounds for recusal. You know, these facts based on [Mr.] Carter's testimony were facts that had been out there for a long time. He finally pulled them all together on the -- again, because he had the ammunition that he needed to file the motion to continue -- he didn't -- but he filed it anyway as a tactic to delay.

[*Slaughter*, 76 So.3d 465] refers to motions to recuse as a litigation tool in response to unfavorable ruling. That's what we have here. Things weren't going their way and the motion to recuse was the result. The other case that has a lot of similarity is [*Alombro*, 845 So.2d 1162].

. . . .

A very contentious divorce proceeding. One party allegedly had a relationship with the judge and [was] bragging about it. They look at the factors to determine sanctions for filing a motion to recuse applying the factors to the present matter. In viewing the testimony in its most favorable light, it's clear that Alombro knew for years of the vague relationship between the judge and the other family. They knew it well before the filing. There was no explanation as to the timing of the filing. Inquiry could reasonably and easily have been made prior to the filing of the recusal. That wasn't done here, because, again, [Mr.] Carter admitted that he filed it as a litigation tactic. Even a superficial investigation would have revealed the dim and distant acquaintanceship between the judge and these family members. The tenuous references to a relationship that was -- didn't approach anything other than sort of casual friendship, knowledge of each other, nothing that rises to the level of recusal.

4

On appeal, Mr. Carter argues that the trial court was clearly wrong in concluding that his Motion to Recuse Judge Bradberry was filed to delay the trial on the merits. In brief, Mr. Carter explains that his Motion to Recuse Judge Bradberry was:

> founded on specific and well-pleaded allegations which showed a pattern of rulings inconsistent with the law or evidence against his client, the mother of the child, and in favor of the father. These allegations were developed during his review of the custody record, following the accelerated trial date setting, and his discussions with his client.

Mr. Carter submits "that had the recusal motion been frivolous, Judge Bradberry could have denied the motion without referring it to another judge." He further complains about the improper restrictions to the presentation of his case at the hearing on sanctions. Mr. Carter argues that the proceedings were controlled "in such a way that jeopardized his defense of the claims made against him." According to Mr. Carter, his "counsel's attempts to call witnesses, present evidence[,] and fully explain his concerns which resulted in the filing of the recusal motion" were thwarted. Mr. Carter made eighteen proffers of evidence at the sanction hearing which he posits are relevant to the issue of whether sanctions were appropriate. According to Mr. Carter, the trial court erred by not "considering testimony and evidence at the heart of the pleading at issue . . . and [it] was an improper restriction of the proceedings under [La.Code Civ.P. art. 1631]."

Louisiana Code of Civil Procedure Article 1631 provides:

> A. The court has the power to require that the proceedings shall be conducted with dignity and in an orderly and expeditious manner, and to control the proceedings at the trial, so that justice is done.

> B. The exclusion of witnesses is governed by Louisiana Code of Evidence Article 615.

C. The court on its own motion, or on the motion of any party, after hearing, may grant a mistrial.

"Only upon a showing of a gross abuse of discretion afforded a trial court by Article 1631 does an appellate court disturb a trial court's manner of conducting the proceedings." *Kramer v. Petroleum Helicopters, Inc.*, 08-133, p. 14 (La.App. 3 Cir. 11/26/08), 999 So.2d 101, 111, *writ denied*, 09-402 (La. 5/1/09), 6 So.3d 811 (citing *Reider v. State ex rel. La. Bd. of Trustees*, 04-1403 (La.App. 3 Cir. 3/9/05), 897 So.2d 893, *writ denied*, 05-938 (La. 5/20/05), 902 So.2d 1056).

Our review of this matter reveals merit in Mr. Carter's contentions. The transcript shows that the trial court considered Mr. Carter's testimony and argument of counsel. Contrary to the trial court's determination in this matter, Mr. Carter did not testify that he sought to recuse Judge Bradberry in order to delay the adoption trial on the merits. Mr. Carter's testimony revealed that the date of the trial on the merits was a consideration; however, it was only one of the factors he considered. Mr. Carter explained that after reviewing the lengthy child custody record, he believed that inconsistent rulings were made therein, a relationship between W.S.K., Jr. and Judge Bradberry possibly existed based upon statements from the child, and that the trial on such a weighty matter was hastily set.

Further, the trial court improperly denied Mr. Carter's effort to offer evidence to demonstrate justification for the filing of the recusal motion. We find this to be an impermissible limitation by the trial court in terms of both La.Code Civ.P. art. 863(E) and La.Code Civ.P. art. 1631. Mr. Carter was restricted from introducing evidence from the recusal hearing; however, the trial court used the recusal against Mr. Carter when it determined sanctions were warranted. Considering the pleadings, hearing transcript, and argument of counsel, we find that the sanctions against Mr. Carter were not warranted.

## DECREE

For the foregoing reasons, we reverse the trial court's judgment ordering Wilford Carter to pay monetary sanctions, attorney fees, and costs.

**REVERSED.**

IN RE:  W.K. & W.S.K., JR. APPLYING FOR INTRAFAMILY ADOPTION OF MINOR, W.S.K., III

VERSUS

L.L., NATURAL MOTHER


AMY, J., concurring in the result.

I agree with the majority that a reversal is required in this matter as I also find that the record lacks sufficient evidence of a violation of Louisiana Code of Civil Procedure Article 863.  However, I write separately since I find no error in the limitation of evidence during the sanctions hearing.  Instead, the trial court specifically focused the sanctions hearing on the motion for recusal's allegation of a relationship between the trial judge and the opposing party.  In light of this focus, I find that the trial court appropriately confined the subject attorney's introduction of evidence in that regard.