**NOT DESIGNATED FOR PUBLICATION**

**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**23-563**


**HUBERT ARVIE**

**VERSUS**

**DARRYL WASHINGTON, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 2023-0222
HONORABLE CLAYTON A. DAVIS, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**PER CURIAM**


**\*\*\*\*\*\*\*\*\*\***


Court composed of Van H. Kyzar, Guy E. Bradberry, and Wilbur L. Stiles, Judges.


                                    **MOTION TO RECUSE DENIED.**

**Hubert Arvie**
**1901 Knapp Street**
**Lake Charles, LA 70601**
**(337) 244-6776**
     **In Proper Person**

**Richard Wilson**
**Cox, Cox, Filo, Camel, Wilson & Brown**
**725 Broad Street**
**Lake Charles, LA 70601**
**(337) 436-6611**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
     **Michael K. Cox**
     **Richard Wilson**
     **Somer G. Brown**

**Robert I. Siegel**
**John E. W. Baay, II**
**Tara E. Clement**
**Geiger, LaBorde & Laperouse, L.L.C.**
**701 Poydras Street, Suite 4800**
**New Orleans, LA 70139**
**(504) 561-0400**
**COUNSEL FOR DEFENDANT/APPELLEE:**
     **Wilshire Insurance Company**

**PER CURIUM.**

In this appeal, Plaintiff/Appellant Hubert Arvie has filed a third motion to recuse a judge or judges of this court from this matter. For the reasons herein, we deny the motion.

## HISTORY

Mr. Arvie has appealed from a June 2, 2023 trial court judgment granting a motion filed by Defendants, Michael Cox, Richard E. Wilson, and Somer G. Brown, to disqualify Mr. Arvie as counsel for Cathedral of Faith Missionary Baptist Church. The trial court judgment further granted Defendants' motion to strike and sanctions, with the trial court taking the matter of sanctions under advisement. Mr. Arvie has further appealed from the trial court's May 30, 2023 judgment granting Defendants' peremptory exceptions of no right and no cause of action and denying Mr. Arvie's motions to amend and supplement his petition. The trial court further dismissed Mr. Arvie's claims, but denied Defendants' motion for sanctions. Oral argument on Mr. Arvie's appeal is scheduled before this court on April 8, 2024.

After the appeal was lodged with this court, Mr. Arvie filed two motions to recuse the entire court of appeal from hearing his appeal. These motions were summarily denied. On March 8, 2024, Mr. Arvie filed a third motion to recuse. As pertains to this panel, the motion sets forth only the following:

**12.**

> As of March 8, 2024, (but not limited thereto) the record evince [sic] Judge Kyzal [sic] harbor [sic] an indwelling animus towards Arvie due to the undue influence of Judge Wilson. To be sure, Kyzal [sic] authored the opinion in the *Geico* case. During the recusal hearing, opposing counsel Van Seneca asked Judge Wilson whether she could unfairly [sic] decide the appeal, irrespective of the fact Arvie filed the motion for recusal. Judge Wilson replied YES on the transcript. Judge Wilson knew she knowingly lied to Ad Hoc Judge Charles Porter for the sole purpose of influencing the panel to deny the appeal unfairly

and arbitrarily. Judge Wilson, Kyzal [sic], and Perett [sic] subsequently met and discussed two issues Arvie raised in a supplemental brief by leave of court. The issues asked whether the trial Judge Clayton Davis erred in handling the Motion to Compel Past Due Discovery involving "admissions of fact" by Farm Bureau Insurance which were unavailable at the hearing on whether defendant Christian D. Chesson fraudulently settled Arvie's claim without Arvie's consent and knowledge on April 16, 2020. *See Arvie v Ceico* [sic] *Casulty* [sic] *Co.*, 2022 La[.] App. Ct. Briefs Lexis 804, at *41-42 n.16. Judge Kyzal [sic] did not address or provide findings of fact after his meeting of the mind with Judge Wilson. Judge Wison [sic] kept quit [sic] and did not dissent. *See Arvie vs. Geico Cas. Co.*, 2023 La. App. Unpub. LEXIS 149.

**13.**

As of March 8, 2024, it appears the assigned panel has thoroughly reviewed the record in the above caption [sic] matter and has aligned forces with Judge Sharon Wilson, Pastor Terry, Smith, Washington, and Doucet based on their partisan views. *See Ante at 1, ¶ 3*.

**DISCUSSION**

Louisiana Code of Civil Procedure Article 151 provides the grounds for which an appellate court judge shall be recused, as follows:

A. A judge of any trial or appellate court shall be recused upon any of the following grounds:

(1) The judge is a witness in the cause.

(2) The judge has been employed or consulted as an attorney in the cause or has previously been associated with an attorney during the latter's employment in the cause, and the judge participated in representation in the cause.

(3) The judge is the spouse of a party, or of an attorney employed in the cause or the judge's parent, child, or immediate family member is a party or attorney employed in the cause.

(4) The judge is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that the judge would be unable to conduct fair and impartial proceedings.

B. A judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would

2

reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner.

C. In any cause in which the state or a political subdivision thereof is interested, the fact that the judge is a citizen of the state or a resident of the political subdivision, or pays taxes thereto, is not a ground for recusal. In any cause in which a religious body or religious corporation is interested, the fact that the judge is a member of the religious body or religious corporation is not alone a ground for recusal.

Louisiana Code of Civil Procedure Article 158 provides the procedure for the filing and handling of such a motion to recuse:

A. A party desiring to recuse a judge of a court of appeal shall file a written motion therefor assigning the ground for recusal under Article 151. When a written motion is filed to recuse a judge of a court of appeal, the judge may recuse himself or the motion shall be heard by an ad hoc judge appointed by the supreme court.

B. When a judge of a court of appeal recuses himself or is recused, the court shall randomly allot another of its judges to sit on the panel in place of the recused judge.

C. If the motion to recuse fails to set forth a ground for recusal under Article 151, the judge may deny the motion without the appointment of an ad hoc judge or a hearing but shall provide written reasons for the denial.

"[A] judge is *presumed* to be impartial[,]" and in attempting to recuse a judge, assertions of "bias, prejudice, or personal interest must be of a substantial nature and based on more than conclusionary allegations." *Couvillion v. Couvillion*, 00-143, p. 10 (La.App. 5 Cir. 9/26/00), 769 So.2d 747, 753, *writ denied*, 00-3185 (La. 1/12/01), 781 So.2d 562.

The motion to recuse here does not specify which, if any, of the grounds for recusal under La.Code Civ.P. art. 151 apply. Applying a broad view of the pleadings, the only ground that could conceivably be implicated by Mr. Arvie's allegations is La.Code Civ.P. art. 151(A)(4). However, the motion here contains only conclusory allegations and innuendo without supporting facts. There are no facts based

3

allegations that suggest that any of the judges on the panel assigned hereto are "biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties or the parties' attorneys or any witness to such an extent that the judge would be unable to conduct fair and impartial proceedings[]" as per La.Code Civ.P. art. 151(A)(4). The motion contains no allegations that remotely approach facts showing that "there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner." La.Code Civ.P. art. 151(B). While Mr. Arvie asserts that he has been aversely ruled against by one member of the panel in the past, "[a]dverse rulings alone do not show bias or prejudice." *David v. David*, 14-999, p. 5 (La.App. 3 Cir. 2/4/15), 157 So.3d 1164, 1168, *writ denied*, 15-494 (La. 5/15/15), 170 So.3d 968.

Nothing within this motion, objectively speaking, leads to the conclusion that there is any probability of actual bias on the part of Judge Kyzar, Judge Bradberry, or Judge Stiles. Accordingly, as Mr. Arvie's motion fails to set forth any ground for recusal under La.Code Civ.P. art. 151, we deny the motion to recuse.

**MOTION TO RECUSE DENIED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.

4