FORD MOTOR CREDIT COMPANY, LLC.

VERSUS

OLETHIA DAVIS

NO. 24-C-519

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Wiseman
First Deputy, Clerk of Court

December 20, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** OLETHIA DAVIS

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE NGHANA LEWIS, DIVISION "B", NUMBER 71,928

Panel composed of Judges Jude G. Gravois,
Marc E. Johnson, and Timothy S. Marcel

**WRIT DENIED**

Relator, Olethia Davis, seeks review of the trial court's September 26, 2024 denial of her motion to recuse.[1] In her motion, Relator moved for the recusal of Judge Nghana Lewis pursuant to La. C.C.P. art. 154 and La. C.C.P. art. 151(A)(1), (4), and (B). She alleged that Judge Lewis will be called as a witness[2]; Judge Lewis has an interest in the outcome of the case due to the signing of a summary judgment and the addition of Ford Motor Company as a defendant to the reconventional demand; and Judge Lewis has engaged in *ex parte* communications with Ford Motor Credit Company, LLC and Ford Motor Company, which has prevented Judge Lewis from conducting the cause in a fair and impartial manner. In the written reasons for judgment, the trial court found La. C.C.P. art. 151 inapplicable to the matter. The

---

[1] The motion to recuse was filed on September 19, 2024.
[2] Relator does not specify the proceeding in which Judge Lewis would be called as a witness.

court stated that it has no interest in the outcome of the matter and is neither biased nor prejudiced toward any party.

La. C.C.P. art. 151 provides, in pertinent part,

A. A judge of any trial or appellate court shall be recused upon any of the following grounds:

(1) The judge is a witness in the cause.
***
(4) The judge is biased, prejudiced, or interested in the cause or its outcome or biased or prejudiced toward or against the parties of the parties' attorneys or any witness to such an extent that the judge would be unable to conduct fair and impartial proceedings.

B. A judge of any trial or appellate court shall also be recused when there exists a substantial and objective basis that would reasonably be expected to prevent the judge from conducting any aspect of the cause in a fair and impartial manner.

La. C.C.P. art. 154(B) states, "If the motion to recuse sets forth a ground for recusal under Article 151, not later than seven days after the judge's receipt of the motion from the clerk of court, the judge shall either recuse himself or make a written request to the supreme court for the appointment of an ad hoc judge as provided in Article 155."

La. C.C.P. art. 154(C) states, in pertinent part: "If the motion to recuse … fails to set forth a ground for recusal under Article 151, the judge may deny the motion without the appointment of an ad hoc judge or a hearing but shall provide written reasons for the denial."

Here, Relator alleged in her motion to recuse that Judge Lewis is biased and prejudiced toward her.[3] However, after reviewing the allegations in the motion for recusal at issue, we find that Relator has failed to raise a valid ground for Judge Lewis's recusal. La. C.C.P. art. 151 requires actual bias or prejudice—"substantial appearance of the possibility of bias" or the "mere appearance of impropriety" is insufficient to remove a judge from presiding in a given action. *Lepine v. Lepine*,

---

[3] Relator also alleged that Judge Lewis will be called as a witness. However, there is no indication in the writ application before us that Judge Lewis has been subpoenaed as a witness for any proceeding.

17-45 (La. App. 5 Cir. 6/15/17), 223 So.3d 666, 673.  The bias or prejudice must be of a substantial nature and based on more than conclusory allegations.  *Id.*  Relator's conclusory allegations in her motion are insufficient to either require Judge Lewis's recusal or the written request for the appointment of an *ad hoc* judge.

Further, in the memorandum filed with her motion to recuse, Relator mentioned several instances where Judge Lewis ruled against her.  However, adverse rulings alone do not show bias or prejudice.  *David v. David*, 14-999 (La. App. 3 Cir. 2/4/15), 157 So.3d 1164, 1168.

Accordingly, on the showing made, we deny Relator's writ application. Additionally, we deny Relator's request for stay of the proceedings.

Gretna, Louisiana, this 20th day of December, 2024.

**MEJ**
**JGG**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **12/20/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-C-519**

### E-NOTIFIED
40th District Court (Clerk)
Honorable Nghana Lewis (DISTRICT JUDGE)
Scott C. Barney (Respondent)
Jesse G. Frank (Respondent)

### MAILED
Robert W. Maxwell (Respondent)
Attorney at Law
4565 Lasalle Street
Suite 203
Mandeville, LA 70471

Olethia Davis  (Relator)
In Proper Person
Post Office Box 2174
LaPlace, LA 70069